**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAIME CENTENO,

              Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.   21-71031

Agency No. A036-907-798

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2022
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and BOLTON,[**] District Judge.

Jamie Centeno, a native and citizen of Mexico, petitions this court for review

of the Board of Immigration Appeals' (BIA) decision summarily affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Immigration Judge's (IJ) denial of deferral of removal under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition.

1. In order to be eligible for relief under the CAT, the petitioner bears the burden of establishing: (1) it is "more likely than not that the alien will be tortured upon return to his homeland"; and (2) there is "sufficient state action involved in that torture." *Benedicto v. Garland*, 12 F.4th 1049, 1063 (9th Cir. 2021) (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014)). "Torture is defined as 'an extreme form of cruel and inhuman treatment' that is 'specifically intended to inflict severe physical or mental pain or suffering.'" *Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018) (quoting 8 C.F.R. § 1208.18(a)). Denial of relief under the CAT is reviewed for substantial evidence. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations omitted).

The IJ found that Centeno failed to show that he would more likely than not be tortured by a cartel or in a Mexican mental health facility with the acquiescence of the Mexican government. These findings were supported by substantial evidence. First, the IJ's analysis of Centeno's risk of torture at the hands of a cartel was informed by his ability to relocate to an area outside of the geographic scope of Los Juniors and the Arellano Felix Organization (AFO) and the fact that

2

Centeno is capable of living independently. The record does not compel a contrary conclusion. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Country conditions evidence indicates that the AFO is a "regional tollgate organization . . . based in . . . Tijuana." Centeno also testified to having lived independently in Mexico and that while he would sometimes forget to take his medication, he would take it when he started to feel bad. Second, the record does not compel the conclusion that Centeno will be institutionalized if removed. Centeno's mental health expert noted that he is "amenable to treatment and compliant with medication in detention," and Centeno previously lived in Mexico with symptoms of Schizophrenia and Major Depression and was not institutionalized. Even if Centeno were institutionalized, he failed to show that anyone in a Mexican mental health facility would act with specific intent to torture. *See Villegas v. Mukasey*, 523 F.3d 984, 988–89 (9th Cir. 2008). Centeno points to country conditions evidence describing the poor conditions in such facilities, but this evidence does not compel the conclusion that staff or the Mexican government would specifically intend to torture patients. Rather, this evidence suggests that such conditions are the result of underfunding and a lack of understanding of psychiatric illnesses, and that the Mexican government continues to work toward improving such conditions.

2.     Centeno also argues that the panel should remand because the IJ failed to consider all relevant evidence and failed to provide an adequate statement of reasons.  Centeno fails to point to any indication that the IJ did not consider all of the evidence, *see Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011), and instead argues that there exists a "significant and material disconnect" between the evidence and the IJ's findings.  Since we conclude that the IJ's findings are supported by substantial evidence, Centeno's contention is unavailing.  Finally, the IJ provided clear reasons for its conclusion that the government would not acquiesce in Centeno's alleged torture.  *See Castillo v. I.N.S.*, 951 F.2d 1117, 1121 (9th Cir. 1991).

**PETITION DENIED.**  Petitioner's motion for stay of removal is also **DENIED**.